IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERESA LOFTUS,<br><br>               Plaintiff,<br><br>   vs.<br><br>H&R BLOCK,<br><br>               Defendants. | CIV. NO. 20-00568 JMS-KJM<br><br>ORDER (1) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION, ECF NO. 20; AND (2) DISMISSING ACTION |

## ORDER (1) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION, ECF NO. 20; AND (2) DISMISSING ACTION

### I. INTRODUCTION

Defendant H&R Block ("Defendant") moves pursuant to 9 U.S.C. § 3 of the Federal Arbitration Act to compel arbitration of this action ("Motion to Compel"). ECF No. 20. Defendant bases its Motion to Compel on a Mutual Arbitration Agreement and a Tax Professional Employment Agreement ("Employment Agreement") (together, the "Agreements") that pro se Plaintiff Teresa Loftus ("Plaintiff") entered into with Defendant in 2019. For the reasons stated below, Defendant's Motion to Compel is GRANTED. Further, because the entire dispute is subject to arbitration, the court DISMISSES the action in lieu of staying it under 9 U.S.C. § 3.

## II.  BACKGROUND

On December 23, 2020, Plaintiff filed a Complaint against Defendant,

her former employer, alleging a single count of employment discrimination under

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e.  ECF No. 1.  On June 29,

2021, Defendant filed the instant Motion to Compel.  ECF No. 20.  Plaintiff,

although given several opportunities, failed to file an Opposition.[1]  The court

decides this motion without a hearing pursuant to Local Rule 7.1(c).

## III.  DISCUSSION

### A.     The Federal Arbitration Act ("FAA")

An arbitration agreement within the scope of the FAA "shall be valid,

irrevocable, and enforceable," except "upon such grounds as exist at law or in

equity for the revocation of any contract."  9 U.S.C. § 2.  And any party "aggrieved

by the alleged . . . refusal of another to arbitrate" may petition a district court for an

---

[1] On June 29, 2021, after receiving Defendant's Motion to Compel, the court set an August 9, 2021 hearing for the motion.  *See* ECF No. 21.  Because Plaintiff is proceeding pro se, the court also specified that Plaintiff's Opposition was to be filed by July 19, 2021.  *See* ECF No. 22.  Plaintiff did not file an Opposition before the August 9, 2021 hearing.  *See* ECF No. 26; *see also* ECF No. 23 (entering order from Magistrate Judge Kenneth Mansfield vacating a July 9, 2021 status conference but explaining that no other dates or deadlines were altered).

At the August 9, 2021 hearing, Plaintiff informed the court that she was in the process of retaining counsel and, after further discussion, the court continued Plaintiff's Opposition deadline to August 23, 2021.  *See* ECF No. 26.  Plaintiff did not file an Opposition by the established August 23, 2021 deadline, nor did counsel enter an appearance.

By email dated August 25, 2021, Plaintiff explained to the court that she planned to return to the State of Hawaii and resume work with her current employer on September 6, 2021.  *See* ECF No. 28.  The court granted Plaintiff a final continuance of her Opposition deadline to September 13, 2021, stating that thereafter, the court would decide the Motion to Compel based on the filings on the record.  ECF No. 29.  Plaintiff again failed to file anything by that deadline.

order compelling arbitration in the matter provided for in the agreement. *Id*. § 4.

"The FAA 'mandates that district courts shall direct the parties to proceed to

arbitration on issues as to which an arbitration agreement has been signed.'"

*Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc)

(quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

      Normally, "in deciding whether to compel arbitration, a court must

determine two 'gateway' issues: (1) whether there is an agreement to arbitrate

between the parties;[2] and (2) whether the agreement covers the dispute." *Brennan*

*v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting *Howsam v. Dean*

*Witter Reynolds, Inc*., 537 U.S. 79, 84 (2002)).

      To determine whether a valid agreement to arbitrate exists under the

FAA, a court applies "ordinary state-law principles that govern the formation of

contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

"[A]greements to arbitrate [may] be invalidated by generally applicable [state-law]

contract defenses" to enforceability such as "fraud, duress, or

unconscionability." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339

(2001) (citations and quotation marks omitted); *see Lowden v. T-Mobile USA, Inc.*,

512 F.3d 1213, 1217 (9th Cir. 2008) ("This requires [a court] to consider what is

---

[2] Because Plaintiff is proceeding pro se, the court liberally construes her Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

unconscionable and unenforceable under . . . state law.").

 "The party seeking to compel arbitration carries the initial burden of establishing that an arbitration agreement exists," and if met, the burden then "shifts to the opposing party to present evidence on its defenses to the arbitration agreement." *Siopes v. Kaiser Found. Health Plan, Inc.*, 130 Haw. 437, 446, 312 P.3d 869, 878 (2013) (citations and quotation marks omitted).

**B.    The Agreements Are Valid and Enforceable**

Under Hawaii law, three elements are required to prove a valid arbitration agreement: "(1) it must be in writing; (2) it must be unambiguous as to the intent to submit disputes or controversies to arbitration; and (3) there must be bilateral consideration." *Douglass v. Pflueger Haw., Inc.*, 110 Haw. 520, 531, 135 P.3d 129, 140 (2006).  "With respect to the second requirement, 'there must be a mutual assent or a meeting of the minds on all essential elements or terms to create a binding contract.'" *Siopes*, 130 Haw. at 447, 312 P.3d at 879 (emphasis omitted) (quoting *Douglass*, 110 Haw. at 531, 135 P.3d at 140).  "The existence of mutual assent or intent to accept is determined by an objective standard." *Id.*  Under the third element, bilateral consideration exists where there is mutual assent to arbitrate—that is, where the parties both agree to "forego their respective rights to a judicial forum, given the delay and expense which results from the use of the federal and state court systems, in order to benefit from the resulting time and cost

4

savings" of arbitration. *Brown v. KFC Nat'l Mgmt. Co.*, 82 Haw. 226, 239-40, 921 P.2d 146, 159-60 (1996) (citations and quotation marks omitted).

Here, all three elements are present. First, the Agreements are in writing. *See* ECF No. 20-3 (Mutual Arbitration Agreement), *and* ECF No. 20-4 (Employment Agreement). Plaintiff affixed her electronic signature on the Mutual Arbitration Agreement on July 19, 2019, and she electronically signed the Employment Agreement on August 26, 2019. *See* ECF No. 20-3 at PageID # 64; ECF No. 20-4 at PageID # 74; and Sanders Decl., ECF No. 20-2.

Second, the Agreements evince "a mutual assent or a meeting of the minds on all essential elements or terms to create a binding contract." *Douglass*, 110 Haw. at 531, 135 P.3d at 140. Stated differently, the intent and agreement to submit disputes or controversies to arbitration is clear. Section 1 of the Mutual Arbitration Agreement and Section 17(a) of the Employment Agreement state that Plaintiff and Defendant "agree that any Covered Claims . . . will be resolved by final and binding arbitration . . . unless [Plaintiff] opts-out,"[3] and "[a]ll Covered Claims will be decided by an arbitrator through individual arbitration and not by way of court or jury trial." ECF No. 20-3 at PageID # 61; ECF No. 20-4 at PageID # 71. Claims arising under Title VII of the Civil Rights Act—the claim asserted in

---

[3] To "opt-out," Plaintiff was required to submit a "signed written statement that [she] wishes to opt-out and not be subject to this [Arbitration] Agreement." ECF No. 20-3 at PageID # 64; *see also* ECF No. 20-4 at PageID # 73.

Plaintiff's Complaint—are specifically identified as "Covered Claims." *See* ECF No. 20-3 at PageID # 61; ECF No. 20-4 at PageID # 71. The Agreements also contain further notification before Plaintiff's signature, stating—in capitalized and boldface type—that Plaintiff is agreeing to the arbitration provisions specified therein. ECF No. 20-3 at PageID # 64 ("This agreement contains a binding arbitration provision that may be enforced by the parties."); ECF No. 20-4 at PageID # 74 ("This Employment Agreement contract contains a binding arbitration agreement that may be enforced by the parties). Plaintiff did not opt out of the arbitration provisions in the Agreements. *See* Sanders Decl., ECF No. 20-2 at PageID # 60; ECF No. 20-1 at PageID # 54; *see also* ECF No. 20-3 at PageID # 64 (Section 8 opt-out provision of the Mutual Arbitration Agreement); *and* ECF No. 20-4 at PageID # 73 (Section 17(h) opt-out provision of the Employment Agreement).

Finally, bilateral consideration exists here, as there is mutual assent to arbitrate. *See, e.g.*, ECF No. 20-3 at PageID # 64 ("Through this Agreement, the [Defendant] and [Plaintiff] are giving up rights to a court or jury trial and agreeing to arbitrate disputes covered by this Agreement."); ECF No. 20-4 at PageID # 74 (same). That is, the parties both agreed to "forego their respective rights to a judicial forum, given the delay and expense which results from the use of the federal and state court systems, in order to benefit from the resulting time and cost

6

savings" of arbitration. *Brown*, 82 Haw. at 239-40, 921 P.2d at 159-60 (quotation marks omitted).

Thus, the court upholds the arbitration agreement and compels arbitration of this action, as public policy encourages. *See, e.g.*, *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (The Federal Arbitration Act "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts."); *Gabriel v. Island Pac. Acad., Inc.*, 140 Haw. 325, 335, 400 P.3d 526, 536 (2017) ("At the federal and state level, there exists a strong policy in favor of arbitration, such that any doubt concerning whether a dispute is covered by an arbitration agreement should be resolved in favor of arbitrability.").

## C.     The Court Dismisses the Action

Finally, Defendant asks the court to stay the proceedings pending arbitration.  In this regard, 9 U.S.C. § 3 provides that if a suit is referable to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  Such a stay, however, is not mandatory if the entire action (as opposed to only some of the claims) is subject to arbitration. *See, e.g.*, *Johnmohammadi v. Bloomingdale's, Inc*., 755 F.3d 1072, 1073-74 (9th Cir. 2014) ("[N]otwithstanding the language of § 3, a district court may either stay the action

or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration."); *Thinket Ink Info. Res. Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (indicating that a stay is not mandatory and the court may alternatively dismiss those claims that are subject to arbitration); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988)).

        Applying these principles, because the Complaint asserts only a single employment discrimination claim brought pursuant to Title VII of the Civil Rights Act—a claim subject to the delegation clause of the arbitration agreement—there is no requirement or need to stay this action.  Accordingly, the court DISMISSES the action in lieu of staying it under 9 U.S.C. § 3.

///

///

///

///

///

///

///

## IV.  **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Compel Arbitration and Stay Court Proceedings Pending Arbitration, ECF No. 20, is GRANTED and the court DISMISSES the action.  The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 27, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Loftus v. H&R Block*, Civ. No. 20-00568 JMS-KJM, Order (1) Granting Defendant's Motion to Compel Arbitration, ECF No. 20; and (2) Dismissing Action